UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR LUCHNIKOV, | No. 1:26-cv-00614-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| TONYA ANDREWS, et al., | |
| Respondents. | |

    Petitioner Aleksandr Luchnikov is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. (ECF No. 7)).  The Court previously informed the parties that it intended to rule directly on the merits of the Petition.  (ECF No. 8.)  Neither party objected.

    Petitioner is a Russian citizen presently in the custody of Immigration and Customs Enforcement ("ICE").  (Pet. ¶¶ 6, 53.)  It is undisputed that Petitioner has been subject to a final order of removal since July 7, 2025.  (Pet. ¶ 6; Opp'n (ECF No. 10) at 1.)  In ordering Petitioner removed, an Immigration Judge also granted Petitioner withholding of removal to Russia.  (Pet. ¶ 5; Pet., Ex. A (ECF No. 1-1) at 11.)  Petitioner has remained in ICE custody since that order.  On October 1, 2025, ICE issued a "Decision to Continue Detention" in which ICE determined to maintain Petitioner's

custody because "[he] pose[d] a significant risk of flight . . . ."  (Pet., Ex. B (ECF No. 1-2) at 2.)  The exclusive basis stated for that decision is "[y]our illegal entry into the United States show [sic] a disregard to laws and indicates that you are a flight risk."  (*Id.*)  On December 18, 2025, ICE determined to continue detention, though it appears no written record of that determination exists besides an email provided to counsel stating "[a] decision was made by the District Field Office Director to continue with detention." (*See* Pet., Ex. D (ECF No. 1-4).)  Petitioner now seeks release from custody, arguing that the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 C.F.R. § 241.13, both mandate his release as removal is not reasonably foreseeable.

      Typically, noncitizens subject to a final order of removal are subject to a 90-day removal period.  8 U.S.C. § 1231(a)(1).  During that period, these individuals are subject to detention.  8 U.S.C. § 1231(a)(2).  If the removal order is not effectuated during the removal period, noncitizens are released on supervision.  8 U.S.C. § 1231(a)(3).  However, if the Attorney General determines that the detainee is "a risk to the community or unlikely to comply with the order of removal," they may continue to detain the individual beyond the removal period.   8 U.S.C. § 1231(a)(6).

      In *Zadvydas*, the Court determined that pursuant to the canon of constitutional avoidance, there was "an implicit limitation" on section 1231(a)(6) that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  533 U.S. at 689.  While there is an initial 6-month period where detention is presumptively reasonable, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.* at 701.  This is further reflected in federal regulations.  *See* 8 C.F.R. § 241.13.

      At the time of this order, Petitioner has been subject to a final order of removal for nearly 8 months.  It is undisputed that his detention exceeds the presumptively

reasonable 6-month mark set by *Zadvydas*.  Petitioner has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the foreseeable future.  As noted above, Petitioner has been granted withholding of removal to Russia.  Petitioner contends, and Respondents do not dispute, that "DHS has identified no receiving third country willing to accept Petitioner, obtained no travel documents, and provided no removal plan or timeline[.]"  (Mot. at 3; Opp'n at 2 ("Per DHS, a removal and international operations officer is working with the Department of State to identify a third country of removal for Petitioner.").)  Given the withholding of removal to Russia and the fact that in the roughly 8 months of Petitioner's detention, the Government has not even identified a possible third country to which Petitioner could be removed, Petitioner has met his initial burden.  *See Zadvydas*, 533 U.S. at 701.

       The burden then shifts to the Government to "respond with evidence sufficient to rebut [Petitioner's] showing." *Id*.  The Government fails to meet its burden.  The only evidence submitted by Respondents supporting that removal is reasonably foreseeable is the declaration of Deportation Officer Mayra Gallenkamp.[1]  (*See* Gallenkamp Decl. (ECF No. 10–1).)  Officer Gallenkamp's sole statement regarding removal efforts is the following: "As of current, a removal and international operations officer is working with the Department of State to identify a third country of removal."  (Gallenkamp Decl. ¶ 10.)  This plain statement that the Government is working to identify a third country of removal without any indication that one may ever be identified or that travel documents can be obtained is insufficient.  "Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."  *Nguyen v. Scott*, No. 2:25-cv-01398, 2025 WL 2419288, at *16 (W.D. Wash.

---

[1] Respondents attach other documentation to their Opposition, but these documents are not relevant to the foreseeability of removal.

Aug. 21, 2025) (collecting cases).  The Court finds that Respondents have failed to meet their burden to rebut Petitioner's showing.

As removal is not reasonably foreseeable, Petitioner's continued detention is "unreasonable and no longer authorized by statute."  *Zadvydas*, 533 U.S. at 699–700.  As such, Petitioner must be released, though such release "should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions."  *Id.* at 700.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1 of the Petition[2];
2. Respondents are ORDERED to immediately release Petitioner subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and
3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4